UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA MICHAEL CRANSHAW,<br><br>            Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>            Respondent. | CASE NO. C23-5140 BHS<br><br>ORDER |

THIS MATTER is before the Court on Petitioner Ira Cranshaw's Motion for Reconsideration, Dkt. 14, which asks this Court to determine that Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 13, is a void judgment under Federal Rule of Civil Procedure 60(b)(4).

The R&R is not a judgment; it is a recommended resolution of Cranshaw's 28 U.S.C. § 2254 habeas petition, Dkt. 6. Cranshaw has the right to object to the R&R, and to attempt to persuade this Court that it should not follow the Judge Christel's recommendation, under Fed. R. Civ. P. 72. The Court will construe Cranshaw's motion as an objection to the R&R.

ORDER - 1

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The R&R concludes that Cranshaw failed to exhaust his state court remedies, and that he is procedurally defaulted on his habeas claim. It explains that Cranshaw did not properly raise his federal claim in state court:

> "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray* [*v. Netherland*, 518 U.S. 152, 162–63 (1996)]. Vague references to broad constitutional principles such as due process, equal protection and a fair

> trial do not satisfy the exhaustion requirement. *Id*. at 162; *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999); *Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999). Even where the petitioner argues an error deprived him of a "fair trial" or the "right to present a defense", unless the petitioner expressly states he is alleging a specific federal constitutional violation, the petitioner has not properly exhausted the claim. *Johnson v. Zenon,* 88 F.3d 828, 830–31 (9th Cir. 1996). Moreover, the fact that a state law claim was "essentially the same" as the claim subsequently asserted in federal court does not satisfy the exhaustion requirement. *Id.* at 830. Even if the case applied a standard similar to the federal standard, does not suffice to apprise the Washington courts of a federal claim. *Hiivala,* 195 F.3d at 1106–07.

Dkt. 13 at 9. The R&R recommends that the Court deny the petition, decline to issue a certificate of appealability under 28 U.S.C. § 2253(c), and dismiss the case. *Id*. at 14.

Cranshaw's motion asserts that this conclusion was wrong and that he did exhaust his claim in state court. He also asserts that the R&R wrongly concludes that his claim is procedurally defaulted because it is now time-barred.

These are the same arguments he made before Judge Christel, and, reviewing the matter de novo, the Court concludes that the R&R properly rejected them. Cranshaw's objections to the R&R are **OVERRULED**. The R&R is **ADOPTED**. Cranshaw's § 2254 habeas petition is **DENIED**, and the Court **DECLINES** to issue a certificate of appealability. The case is **DISMISSED**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

//

//

//

1  Dated this 3rd day of August, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge